# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:07-CR-00010-TBR
# CIVIL ACTION NO. 3:11-CV-00305-TBR

**JAMES C. HARDISON**                                                                    **PETITIONER**

**v.**

**UNITED STATES**                                                                          **RESPONDENT**

## MEMORANDUM OPINION

Petitioner James C. Hardison, a federal prisoner, originally filed a *pro se* motion to vacate the judgments against him pursuant to 28 U.S.C. § 2255 (DN 162). Following the appointment of counsel, Hardison filed a renewed § 2255 motion to vacate (DN 249). In conjunction with his motions to vacate, Hardison also filed a motion for immediate release from custody on bond (DN 250). The matters were referred Magistrate Judge Dave Whalin, who issued a Findings of Fact and Conclusions of Law and Recommendation (DN 266). Hardison filed an Objection to Magistrate Judge Whalin's Recommendation (DN 271). No response was filed. These matters are now ripe for adjudication. The Court OVERRULES Petitioner's Objection and ADOPTS the Magistrate's Recommendation. Further, in light of this Court's adoption of the Magistrate's Recommendation, Petitioner's motion to reconsider (DN 227) is DENIED AS MOOT.

## BACKGROUND

This case arises from Hardison's conviction in the District Court for the Western District of Kentucky for identity theft and conspiracy to commit bank and wire fraud in violation of 18 U.S.C. §§ 1028A, 1343-44, 1349. This Court sentenced Hardison, whose conviction followed a jury trial, to 81 months of imprisonment. All three of his co-defendants had previously pled guilty by the time of his trial.

Hardison filed a notice of appeal from the judgments, and was granted leave to appeal *in forma pauperis*. Attorney Timothy Denison, who had worked with Hardison in the past, represented Hardison both at trial and on appeal. Following the Sixth Circuit's opinion affirming his sentence, Hardison filed the motions addressed in the Magistrate's Recommendations. The Magistrate's Recommendations follow the completion of discovery, a response from the United States (DN 256), and a reply from Hardison (DN 261).

After issuing various findings of fact and conclusions of law, the Magistrate Judge recommended that Hardison's motions to vacate be denied, that his motion for release be denied, and that he be denied a certificate of appealability. In doing so, the Magistrate Judge rejected Hardison's eleven claims of ineffective assistance of counsel. Hardison's objections center on the Magistrate Judge's finding that Hardison failed to show ineffective assistance of counsel during the plea bargaining process. Although Hardison concedes the accuracy of the Magistrate Judge's conclusions of law, he argues the Magistrate Judge misapplied those holdings to the facts of this case.

**DISCUSSION**

Hardison takes issue with the Magistrate Judge's finding that "Denison adequately advised his client of the Government's initial overture concerning a possible plea agreement, but Hardison insisted that he was not interested and desired a trial." Hardison argues that "[n]o explanation is given as to why Denison should not be held accountable for failing to give Hardison any advice on whether he should or should not plead guilty after the Government's initial overture and the co-defendants pleaded guilty and agreed to cooperate against him." Hardison further asserts that "it is undisputed that Denison gave no advice to Hardison on pleading guilty." After a review of the entire record and the Magistrate Judge's conclusions, the

Court cannot agree.

As the Magistrate Judge noted, attorney Denison testified that he informed Hardison about the Government's initial inquiry about a plea agreement that involved Hardison's cooperation, but that "it was understood from day one" that Hardison "was adamant that he was not guilty and that anything he had done was at the behest, threat of injury or death from Freddie Johnson and that … he was not pleading guilty." (Denison depo. DN 267-2, pp. 47-49.) After two of his co-defendants pled guilty, Denison testified that he renewed his inquiry, asking Hardison if he wanted Denison to "talk to Mr. Calhoun and see … what we'd be willing to do?" (Denison depo., p. 57.) Hardison remained adamant, replying, "No. Freddie Johnson will kill me." (Id.) As the Magistrate Judge correctly observed, this "was not a situation where attorney Denison never advised Hardison of the Government's initial inquiry [about a plea agreement]. Denison did convey this possibility to Hardison, who simply was adamant that he was going to trial."[1]

Hardison contends the Magistrate's Recommendation fails to recognize that "effective assistance of counsel requires more than messengering plea offers between the Government and a defendant." However, as the Magistrate noted, the record shows that Denison did not limit his role in the plea bargaining process to that of a mere messenger. Denison "cautioned Hardison prior to trial that federal prosecutors only bring criminal charges when they have a sure win, or in the words of Denison, when they are 'shooting fish in a barrel.'" After co-defendants Willie Collins and Marilyn Rainey pled, Denison told Hardison "it was going to be a … much, much harder row to hoe … ." (Denison depo., p. 54.) Denison also warned Hardison that by proceeding to trial he would likely forfeit the opportunity for an acceptance of responsibility reduction and

---

[1] The Magistrate Judge's Recommendations did not address additional testimony from Denison that indicated Hardison was also staunchly against pleading guilty because he was concerned about the potential impact a felony conviction would have on his custody and/or visitation rights with his son. See Denison depo. p. 49.

3

could be subject to an obstruction of justice increase if the Court believed Hardison had testified falsely. In spite of these warnings, Hardison was "confident that his witnesses would support him," (Denison depo., p. 54), excited about the prospect of going to trial, (DN 173, exh. 2, p. 2), and insisted on proceeding. Although Denison did not advise Hardison that he should plead guilty, the record shows that Denison informed Hardison about the weaknesses of his case, the difficult task that lay ahead of them at trial, and the risks he was taking by not pleading guilty.

Lastly, Hardison points to his appearance in state family court as evidence of Denison's failure to counsel him. There, after his conviction, Hardison told a family court judge who was to determine the amount of child support Hardison would pay that his attorney had told him he had an excellent chance to receive probation. Hardison argues that "[t]his lack of understanding unequivocally shows that Denison failed to educate Hardison on what the consequences of a conviction would be." However, attorney Denison testified that, six weeks to a month before trial, he sat down with Hardison and discussed the sentencing guidelines and their implications. (Denison depo., p. 51, 59.) During this discussion, Denison informed Hardison that, if convicted of identity theft, he would face a two-year mandatory minimum sentence that would run consecutively to any sentence received on the conspiracy charge. (Denison depo., pp. 42-43). Contrary to Hardison's arguments, his conduct before the family court judge does not prove Denison failed to educate Hardison of the consequences of a conviction. The record demonstrates that Denison's continued efforts to inform his client of the risks of going to trial and the consequences of a conviction.

Based on the foregoing, Hardison has not proven that Denison's representation in the plea bargaining context is so deficient that it renders the proceeding unjust. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Furthermore, Hardison's insistence on his innocence and

his desire to go to trial undermine his contention that but for Denison's alleged deficiencies in the plea bargaining context, he would have pled guilty. Now, with the benefit of hindsight, Hardison argues that attorney Denison should have done more to convince him to plead guilty. However, the facts above demonstrate that Denison's performance was not objectively unreasonable. *See McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996). For these reasons, and those further outlined in the Magistrate Judge's Recommendation, Hardison has failed to make a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel.

Hardison has requested an evidentiary hearing on the issue of whether Denison advised him that his sentence would not exceed two years. Under Rule 8 of the Rules Governing Section 2255 Proceedings, a hearing is not required where the record conclusively shows that the petitioner is entitled to no relief. *See, e.g., Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). After full consideration, the Court holds that a hearing is not warranted here, as the record conclusively demonstrates Hardison is not entitled to relief on this issue.

## CONCLUSION

For the above reasons, the Court ADOPTS the Magistrate's Report and Recommendation in whole, OVERRULES Petitioner's Objections, and DENIES Petitioner a certificate of appealability. Further, Petitioner's request for an evidentiary hearing is DENIED, and his motion to reconsider (DN 227) is DENIED AS MOOT.

An appropriate Order shall follow.

CC: Counsel

5